IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> JAIME IRACHETA, et al., <br><br> Defendants. | 1:10cv0988 OWW DLB <br><br> FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S APPLICATION FOR FOR DEFAULT JUDGMENT <br><br> (Document 12) |

On September 15, 2010, Plaintiff G&G Closed Circuit Events, LLC ("Plaintiff") filed the present motion for default judgment against Defendants Jaime Iracheta and Oscar Saul Iracheta, individually and d/b/a Papa Chente's Cantina ("Defendants"). The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The matter was heard on October 22, 2010, before the Honorable Dennis L. Beck, United States Magistrate Judge. Mark Johnson made a special appearance on behalf of Plaintiff. Defendants did not appear.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed the instant action on June 3, 2010. The complaint alleges violations of 47 U.S.C. § 605 and 47 U.S.C. § 553, as well as state law causes of action for conversion and violation of Cal. Bus. & Prof. Code § 17200, et seq. The allegations are based on Defendants' alleged

1

unlawful interception, reception, and exhibition of "Strikeforce: Lawler v. Shields" ("Program"), which was telecast on June 6, 2009. According to the complaint, Plaintiff was the exclusive nationwide commercial distributor of the Program.

The First Cause of Action for violation of 47 U.S.C. § 605 (Unauthorized Publication or Use of Communications) alleges that Defendants knowingly intercepted, received, published, divulged, displayed and/or exhibited the Program for purposes of direct or indirect commercial advantage or private financial gain. Plaintiff seeks $110,000 in statutory damages, along with attorneys' fees and costs. The Second Cause of Action for violation of 47 U.S.C. § 553 (Unauthorized Reception of Cable Services) is based upon the same allegations. Plaintiff requests $60,000 in statutory damages, as well as attorneys' fees and costs. The Third Cause of Action for conversion alleges that Defendants "tortuously obtained possession" of the Program and wrongfully converted it for their own benefit. Plaintiff alleges that these acts were willful and intentionally designed to harm Plaintiff and subject it to economic distress and financial loss. Plaintiff seeks compensatory, punitive and exemplary damages, attorneys' fees and costs. The Fourth Cause of Action alleges a violation of Cal. Bus. & Prof. Code § 17200, et seq., for which Plaintiff seeks restitution, declaratory and injunctive relief.

On July 26, 2010, Plaintiff filed proofs of service indicating that Defendants were served by substituted service on July 20, 2010. According to the declaration of diligence, the process server attempted service at the restaurant on July 19, 2010, and twice on July 20, 2010. Defendants were not in, or the business was locked, on each attempt. On the last attempt, the process server left the relevant documents with Sandy Castillo, the person in charge, and instructed her to deliver the documents to Defendants. On July 21, 2010, the process server mailed copies of the documents to Defendants by First Class Mail to the restaurant's address.

On August 30, 2010, pursuant to Plaintiff's request, the Clerk of the Court entered default against both Defendants. Plaintiff filed the instant motion for default judgment on September 15, 2010. Defendants were served with the motion by mail at their business address.

2

Defendants have not filed an opposition or otherwise appeared in this action.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) provides:

> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

"Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319, 1323 (7th Cir. 1983); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, Moore's Federal Practice § 55.11 (3d ed. 2000).

## DISCUSSION

Pursuant to the proofs of service filed with the Court, Defendants were served by substituted service on July 20, 2010. The Clerk entered default as to both Defendants on August 30, 2010.

Defendants are not infants or incompetent persons, and are not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. Declaration of Thomas P. Riley ¶ 3.

Although the Complaint seeks relief pursuant to Sections 605 and 553, Plaintiff indicates that it cannot determine the precise means of signal transmission that the Defendants used in this case.[1] Plaintiff therefore requests recovery under Section 605. In cases involving a satellite, Section 605 is the proper statute for a damages award. See, e.g., DirectTV, Inc. v. Webb, 545 F.3d 837, 844 (9th Cir. 2008) (Section 605 covers airborne communications, including satellite television signals). This

---

[1] At the hearing, Plaintiff's counsel indicated that he believed the signal was intercepted through a pirated connection.

statute allows for both statutory damages and "enhanced" damages. Section 605(e)(3)(C)(i)(II) permits the aggrieved party to recover "statutory damages for each violation ... in a sum of not less than $1,000 or more than $10,000." Additionally, Section 605(e)(3)(C)(ii) provides that where a violation is "committed willfully and for purposes of ... commercial advantage or private gain," the court may increase the award of damages by an amount of no more than $100,000 for each violation. Plaintiff seeks both the maximum statutory damages award ($10,000) and the maximum enhanced damages award ($100,000) pursuant to Section 605. Additionally, Plaintiff seeks $1,200.00 for conversion.

Having accepted the well pleaded allegations of the complaint as true, Plaintiff is entitled to judgment based on Defendants' violation of 47 U.S.C. § 605. Given the size of the establishment at issue (approximate capacity of 98 people), the number of televisions (three), and the number of viewing patrons (headcounts of 12/12/12), the Court finds that the violation likely had a minimal impact. Affidavit of Everett Robinson, p. 1. However, the Court recognizes that the deterrence of future violations is an important objective of the statute and that Defendants' actions were done wilfully for commercial advantage. Accordingly, the Court finds that an award of $10,000.00 in statutory damages and an additional $30,000.00 in enhanced damages is an appropriate remedy. The total amount both compensates Plaintiff and serves as a deterrent to the acts at issue.

In addition to Section 605 damages, Plaintiff requests conversion damages totaling $1,200.00. Plaintiff indicates that this is the amount Defendants would have been required to pay had they ordered the Program from Plaintiff. According to Plaintiff, damages for conversion are based on the value of the property at the time of the conversion plus interest. Cal. Civ. Code § 3336 (detriment caused by wrongful conversion of personal property is presumed to be the value of the property at the time of the conversion, with interest from that time). The Court recommends an award of $1,200.00 in damages for the conversion claim.

**RECOMMENDATION**

Based on the above, the Court RECOMMENDS that judgment be entered in this action against Defendants and RECOMMENDS that damages in the total amount $41,200.00 be fixed as follows:

1) Statutory damages in the sum of $10,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

2) Enhanced damages in the sum of $30,000.00 pursuant to 47 U.S.C. § 605(c)(3)(C)(ii); and

3) Damages for conversion in the sum of $1,200.00.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631 (b)(1)(B) and Rule 305 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days after being served with a copy, any party may serve on opposing counsel and file with the court written objections to such proposed findings and recommendations.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1).

IT IS SO ORDERED.

Dated:   October 22, 2010              /s/ Dennis L. Beck
                                       UNITED STATES MAGISTRATE JUDGE